# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-175V

Filed: March 25, 2021

| | |
|---|---|
| * * * * * * * * * * * * * | |
| GLENN FREIE, | |
|          Petitioner, | Dismissal; Prevnar 13 Vaccine; Axonal Sensorimotor Polyneuropathy. |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
|          Respondent. | |
| * * * * * * * * * * * * * | |

*Zachary Hermsen Esq.*, Whitfield & Eddy, PLC, Des Moines, LA, for petitioner.
*Christine Becer, Esq.*, U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On February 2, 2018, petitioner, *pro se*, filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that a Prevnar 13 vaccination caused him to develop an unspecific injury. ECF No. 1. Petitioner obtained counsel on June 26, 2018 and filed Amended Petitions alleging post-vaccinal "Axonal Sensorimotor Polyneuropathy." ECF Nos. 31, 52. The information in the record, however, does not show entitlement to an award under the Program. On March 25, 2021, petitioner filed a Motion for

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Dismissal Decision requesting that his case be dismissed. ECF No. 73.

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Because there were insufficient records supporting petitioner's claim, petitioner was required to file a medical expert opinion to support his claim. *See* § 13(a)(1).

Petitioner filed three expert reports by his treating physician, Dr. Davis. ECF Nos. 64, 67, 68. However, Dr. Davis's reports failed to satisfy petitioner's burden under the *Althen* Prongs. Dr. Davis proposed molecular mimicry and bystander activation as theories to satisfy *Althen* Prong I but did not explain what component of Prevnar 13 could act as a molecular mimic to a human protein and cause petitioner's alleged injury. He failed to reference any articles that addressed Prevnar 13 and Axonal Sensorimotor Polyneuropathy. Dr. Davis's reports also failed to satisfy petitioner's burden under *Althen* Prong II as he did not discuss any of petitioner's medical history or the contribution, if any, of petitioner's peripheral neuropathy, chronic A-Fib causing fatigue, unilateral discontinuation of gout medication, and joint and muscle pains that pre-existed petitioner's receipt of the Prevnar 13 vaccine. Dr. Davis did not satisfy *Althen* Prong III when he opined that petitioner suffered a delayed hypersensitivity response, relying on petitioner's claim of a six-hour onset. Petitioner's claim of six-hour onset was not corroborated and peripheral neuropathy is not a manifestation of delayed hypersensitivity response.

A telephonic status conference was held on January 21, 2021, during which failure to satisfy petitioner's burden under the *Althen* Prongs was discussed. Petitioner was ordered to file an expert report that fully addressed the *Althen* Prongs or to file a Motion for Dismissal Decision or a Motion for Ruling on the Record. ECF No. 72.

Petitioner filed a Motion for Dismissal Decision on March 25, 2021, stating that an investigation has demonstrated that petitioner will likely be unable to succeed on his claim in the Vaccine Program. ECF No. 73.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master